# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HUNTERS RUN GUN CLUB, LLC, ET AL. | CIVIL ACTION |
| VERSUS | 17-176-SDD-EWD |
| EDDIE D. BAKER | |

## RULING

Before the Court is the Defendant's Eddie D. Baker ("Baker"), Sugar-West, Inc. ("Sugar West"), Bridgeview Gun Club, LLC ("Bridgeview") and Keith Morris ("Morris"), Joint *Daubert* Motion to Exclude the Report, Opinions and Testimony of Harold A. Asher, CPA ("Asher").[1] The Motion is opposed by the Plaintiffs, Hunters Run Gun Club, LLC ("Hunters Run") and Great International Land Company, LLC, ("Great International").[2]

For the following reasons the Motion is DENIED.

## I. FACTUAL BACKGROUND

Great International and Hunters Run are single member LLC's owned by Ronald Duplessis ("Duplessis").[3] In 2004, Great International acquired improved property located at 1365 Northwest Drive, Port Allen, Louisiana, (the 'Property") for the operation of a semi-private gun club, by Hunters Run. In 2009, Great International sold the Property to the Law Enforcement District of the Parish of West Baton Rouge, State of Louisiana (the "LED") and leased back the Property which continued to be operated as a gun club by

---

[1] Rec. Doc. 75.
[2] Rec. Doc. 147.
[3] Rec. Doc. 1-1.

Hunters Run. In 2011 the written lease between Great International and the LED expired by its terms, but the lease continued month-to-month through reconduction until November 23, 2016.[4] In September 2016, the LED notified Great International that it intended to "open negotiations" for a new lease.[5] Ultimately LED leased the Property to Keith Morris ("Morris") and the Property was operated as a gun club by Bridgeview Gun Club, LLC ("Bridgeview").

The dispute arises because of alleged business losses experienced by the Duplesis entities, Hunters Run and Great International. In short, Plaintiffs allege that the Hunters Run former manager Eddie D. Baker ("Baker") misappropriated Hunters Run trade secrets and business information and went to work for the competition, ie. Bridgeview, and caused financial harm to Great International and Hunters Run.

Harold Asher, CPA was engaged by Greta International and Hunters Run to provide opinion testimony regarding alleged financial losses that Plaintiffs contend were caused by the Defendants. The defendants move to exclude Asher's opinions claiming that that "Asher (a) does not base his opinions on sufficient facts or data, (b) conducted no investigation into the alleged causation asserted by the Plaintiffs, and (c) does not employ appropriate or reliable principles or methodology, which can be tested."[6]

## II. LAW AND ANALYSIS

Opinion testimony is admissible under the Federal Rules of Evidence, if (1) the witness is qualified as an expert by knowledge, skill, experience, training, or education, (2) the expert's reasoning or methodology underlying the testimony is sufficiently reliable,

---

[4] Rec. Doc. 48.
[5] *Id.*
[6] Rec. Doc. 75-15.

and (3) the testimony is relevant.[7] The party offering expert testimony is not required to establish the correctness of the opinion; rather, the proponent of the opinion testimony bears the burden of establishing "by a preponderance of the evidence that the testimony is reliable."[8] "Both the determination of reliability itself and the factors taken into account are left to the discretion of the district court consistent with its gatekeeping function under Fed.R.Evid. 702."[9]

Federal Rule of Evidence 702, allows a witness who is qualified as an expert to testify in the form of an opinion or otherwise if:

> (1) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (2) The testimony is based on sufficient facts or data;
>
> (3) The testimony is the product of reliable principles and methods; and
>
> (4) The expert has reliably applied the principles and methods to the facts of the case.

### A. Requirement of Sufficient Facts and Data

Defendant challenges the sufficiency of the facts and data relied upon by Asher in reaching his opinions. Asher relied upon:

1. Income tax returns for 2011 through 2016 for Hunters Run

---

[7] Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).
[8] *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir.1998), *cert. denied*, 526 U.S. 1064 (1999).
[9] *Munoz v. Orr,* 200 F.3d 291, 301 (5th Cir. 2000); *Ricks v. City of Alexandria,* 2014 WL 4274144, at *8 (W.D.La., 2014).

2. Workpapers provided to us by Postlethwaite & Netterville for 2011 through 2016

3. Management-prepared accrual basis financial statements (balance sheets and income statements) on an entity wide and departmental basis for Hunters Run for 2011 through 2017.[10]

Defendants argue that Asher neglected to consider the Hunters Run financial data from 2007 to 2011. Defendants argue that in choosing the financial records Asher considered relevant, ie. the 2011 – 2016 timeframe, Asher's data was insufficient. The Defendants further argue that Asher's opinions are the result of factually unsupportable assumptions. Specifically, Defendants submit that "Asher assumes [Hunters Run] experienced lost profits beginning on July 1, 2015, an arbitrarily chosen date" and that Asher improperly assumed that the Hunters Run lease was continuing even though "he was aware the lease was on a month-to-month basis." Defendants argue that these assumptions are neither reasonable nor supported by any evidence.[11] Defendants cite *JRL Enterprises, Inc. V. Procorp. Associates Inc., et al*[12], a case in which Asher was excluded. Defendants cite the *JRL Enterprises Inc.* case for the proposition that "testimony of an expert is not based on sufficient facts or data when it lacks an evidentiary basis or factual support."[13]

In opposition, the Plaintiffs point out that the JRL Enterprises case was subsequently distinguished by the Eastern District of Louisiana and holds only that "an

---

[10] Rec. Doc. 76-1 (under seal).
[11] Rec. Doc. 75-15.
[12] 2003 WL 21284020, *6 (E.D. La. 2003).
[13] Rec. Doc. 75-15.

expert should not blindly rely on the projections of a third party when that third party disavows the reliability of those projections himself."[14]

Notably, Plaintiffs do not contend that the underlying financial information was inaccurate. Rather, the basis of the Plaintiff's argument is that Asher chose what he considered to be the historically relevant time period for purposes of formulating his lost profits opinion. The Court does not find that this alleged narrow focus of the historical time renders the resulting opinions inherently unreliable.

As pertaining to the assumption that the Hunters Run lease would have continued, the Court does not find that this assumption affects the reliability of Asher's lost profits calculations. If the trier of fact determines that there was no reasonable expectation of re-conduction of the lease, the damages question is not reached. The continuity of the lease, if any, can be addressed by jury interrogatory.

Defendants argue that causation is a necessary prerequisite for damages and Asher "performed no independent investigation into the factual assertions provided by Duplessis and failed to establish a causal connection between the Defendants' action and the Plaintiffs' alleged damages."[15] Asher explained in his deposition that "causation is an assumption of mine that it does exist. Causation is required in the calculation."[16] Causation is a question of fact for the trier of fact to determine. If the trier of fact finds causation lacking, the question of damages is not reached. Merely assuming causation for purposes of reaching the damages calculation does not render the calculation unreliable.

---

[14] Rec. Doc. 147, citing, *Legier and Matherne, Apac v. Great Plains Software Inc.,* 2004 WL 1488597 *3 (E. D. La. 2004).
[15] Rec. Doc. 75-15.
[16] Id. ; Rec. Doc. 75-3, p. 76.

### B. Methodology

Asher reconciled his loss calculations to the plaintiff's tax returns. Defendants argue that Asher's reconciliations which tested the accuracy of the financial statements upon which he relied, were not produced by the plaintiffs. Plaintiffs argue that because the reconciliations performed by Asher were not available his methodology cannot be tested. The Court is persuaded that "a commonly accepted method of proving lost profits is by calculating profits for similar sales during other ['s prior]'s periods of time and using such calculations as a basis for estimating lost profits for the period in question."[17] Asher's methodology can be tested by the Defendants' countering valuation expert.

For the foregoing reasons, the Defendant's *Motion to Exclude the Opinion Testimony of Harold A. Asher, CPA* (Rec. Doc. 75) is DENIED.

Signed in Baton Rouge, Louisiana on June 4, 2019.

_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[17] *Arthur J Gallagher and Co. v. Babcock*, 2011 WL 121889 *3 (E. D. La. 2011).