# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HUNTERS RUN GUN CLUB, LLC, ET AL. | CIVIL ACTION |
| | 17-176-SDD-EWD |
| VERSUS | |
| EDDIE D. BAKER | |

## **RULING**

Before the Court is the Plaintiffs', Hunters Run Gun Club, LLC ("Hunters Run") and Great International Land Company, LLC, ("Great International") "*DAUBERT* MOTION AND MOTION *IN LIMINE* TO EXCLUDE THE EXPERT TESTIMONY OF MARK SHIRLEY AND REQUEST FOR *DAUBERT* HEARING."[1] Defendants' Eddie D. Baker ("Baker"), Sugar-West, Inc. ("Sugar West"), Bridgeview Gun Club, LLC ("Bridgeview") and Keith Morris ("Morris"), jointly oppose the Motions.[2] For the following reasons the Motions are DENIED.

The factual background of this case was reviewed by the Court in its *Ruling*[3] denying Defendants' Motion in Limine to exclude the Plaintiff's damages expert, Harold Asher, and will not be reiterated herein.

The Parties have stipulated to try this matter to the bench.[4] Hence, the gatekeeping function is of less importance. In *Gibbs v. Gibbs*, the Fifth Circuit noted that "[m]ost of the

---

[1] Rec. Doc. 78.
[2] Rec. Doc. 159.
[3] Rec. Doc. 205.
[4] Rec. Doc. 207.

1

safeguards provided for in Daubert are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury."[5]

In a bench trial, the principal reason for the Court's gatekeeping function is not implicated, namely to guard against jury confusion which may result from irrelevant and/or unreliable expert opinion testimony. The purpose of the Court's gatekeeping function required by Daubert is "to ensure that only reliable and relevant expert testimony is presented to the jury."[6] "Most of the safeguards provided for in Daubert are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury."[7]

Even though juror confusion is not implicated, the Court will address the assertions in the Plaintiff's Motion to exclude Shirley's opinions.

**Relevance/ Reliability of Shirley's Opinions**

Plaintiffs argue that "Shirley's report is irrelevant because it does not address the actual issues and is not based on the actual facts in the case."[8] The gravamen of the Plaintiffs' "relevance" objection is that Shirley failed to confine his lost profits analysis solely to the Gun Club's business activities. Plaintiffs argue that "Hunters Run operated and accounted for three divisions"[9] namely, the Gun Club, the gunsmith operations, and the barrel outlet's operations. Plaintiffs allege that it was improper for Shirley to include the financial information for the Gunsmith Operations and the Barrel Outlet operations in his lost profits calculations. Plaintiffs argue that Shirley's lost profits opinion is "based on

---

[5] Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000).
[6] Rushing v. Kansas City Southern Ry. Co., 185 F.3d 496, 506 (5th Cir.1999) (superseded on other grounds), citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590–93, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
[7] Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000).
[8] Rec. Doc. 78-1, p. 6.
[9] Id. at p. 5.

a fictitious set of facts".[10] Plaintiffs' argument is understood by the Court as a challenge to the reliability of Shirley's conclusions.

Shirley explained in his deposition that "the financial reporting did not segregate these business activities [the gunsmith and barrel outlet] and provide separate accounting for the direct and indirect expense, [accordingly] our analysis continued that accounting practice."[11] The Defendants argue that the Plaintiffs "failed to provide defendants with information necessary to analyze the gun club operations only, without taking into account the operations of the gunsmith and barrel outlet."[12] The Defendants point out that "[H]ere, neither Shirley nor Asher can provide, with a reasonable degree of certainty, a calculation of lost profits of the Gun Club only, because there existed no reliable information supporting the allocation of expenses and income of these 'departments'".[13] While the combined financial accounting of all 3 divisions arguably muddies the water of the lost profits analysis, the Court is confident that through skillful cross-examination, trier of fact (i.e. the bench) confusion will be avoided.

**<u>Improper Legal Opinions</u>**

Plaintiffs argue that Shirley's report includes improper legal opinions which must be excluded. Specifically, Plaintiffs object to Shirley's observations that lost profits must be proven to a degree of "reasonable certainty"; that Great International was required to file IRS Form 8594; that Hunters Run and its business affiliates exhibited the characteristics of a "single business enterprise"; that Great International exhibits the

---

[10] *Id.* at p. 6 (quoting *Guillory v. Domatar Industries, Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1995)).
[11] Rec. Doc. 78-1, p. 4 (quoting Ex. 2a, p. 40).
[12] Rec. Doc. 159, pp. 13-14.
[13] *Id.* at p. 14.

characteristics of a "shell corporation"; and his observation that the "nature of the alleged Intangible assets were normal and customary business practices".[14]

The burden of proof is a legal question. What comprises a "single business enterprise" and "shell corporation" presents questions of law. Whether Hunters Run possessed legally protectable trade secrets is also a question of law. Mr. Shirley will not be permitted to provide opinion testimony with respect to these questions of law. The question of what tax forms are required to be filed is within Mr. Shirley's scope of practice and expertise as a CPA and not a *per se* legal opinion. The Court shall deny the Plaintiffs' motion to exclude Mark Shirley with reservation of the right to object to questions calling for a legal opinion.

For the foregoing reasons, the Plaintiffs' "*DAUBERT* MOTION AND MOTION *IN LIMINE* TO EXCLUDE THE EXPERT TESTIMONY OF MARK SHIRLEY AND REQUEST FOR *DAUBERT* HEARING" (Rec. Doc. 78) is hereby DENIED, without prejudice to making objections at the time of trial.

Signed in Baton Rouge, Louisiana on June 18, 2019.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[14] Rec. Doc. 78-1, p. 9 quoting from Mark W. Shirley Expert Report, Rec. Doc. 79-2.