**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| HUNTERS RUN GUN CLUB, LLC, ET AL. | CIVIL ACTION |
| VERSUS | 17-176-SDD-EWD |
| EDDIE D. BAKER | |

## RULING

This matter is before the Court on the *Joint Motion for Partial Summary Judgment on 18 U.S.C. § 1832 Claim*[1] filed by Defendants, Eddie D. Baker, Sugar-West, Inc., Bridgeview Gun Club, LLC, and Keith Morris (collectively, "Defendants"). Plaintiffs, Hunters Run Gun Club, LLC and Great International Land Company, LLC, ("Plaintiffs") have filed *Oppositions*[2] to the motion.

The factual background of this case was reviewed by the Court in a previous *Ruling*[3] and will not be reiterated herein.

Although Plaintiffs have asserted a cause of action under the Defense Trade Secrets Act ("DTSA") of 2016, codified at 18 U.S.C. § 1836, for misappropriation of trade secrets,[4] the present motion seeks to dismiss a purported claim brought under 18 U.S.C. § 1832, entitled "Theft of trade secrets," which is a criminal statute. While the Parties

---

[1] Rec. Doc. No. 83.
[2] Rec. Doc. Nos. 161, 164, 165, and 193.
[3] Rec. Doc. No. 205.
[4] Rec. Doc. No. 48, ¶¶ 68-72.
52312

dispute the framework under which Plaintiffs must prove its trade secret claim, there is no dispute that Plaintiffs bear the burden of demonstrating the existence of a trade secret.

A "trade secret" under the DTSA includes scientific and technical information that "the owner thereof has taken reasonable measures to keep ... secret" and "derives independent economic value ... from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information."[5] The Fifth Circuit has held that "[a] trade secret 'is one of the most elusive and difficult concepts in the law to define.'"[6] "Whether something is a trade secret is a question of fact."[7] "[T]he question of whether certain information constitutes a trade secret ordinarily is best 'resolved by a fact finder after full presentation of evidence from each side.'"[8] Moreover, "[t]he efforts required to maintain secrecy are those reasonable under the circumstances, and courts do not require extreme and unduly expensive procedures to be taken to protect trade secrets."[9]

The DTSA defines "misappropriation" as:

(A) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
(B) disclosure or use of a trade secret of another without express or implied consent by a person who –
(i) used improper means to acquire knowledge of the trade secret;
(ii) at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was –
    (I) derived from or through a person who had used improper means to acquire the trade secret;

---

[5] 18 U.S.C. § 1839(3).
[6] *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 637 F.3d 604, 613 (5th Cir. 2011) (quoting *Lear Siegler, Inc. v. Ark-Ell Springs, Inc.*, 569 F.2d 286, 288 (5th Cir. 1978)).
[7] *CheckPoint Fluidic Sys. Int'l, Ltd. v. Guccione*, 888 F. Supp. 2d 780, 796 (E.D. La. 2012) (citations omitted).
[8] *Tewari De-Ox Sys.*, 637 F.3d at 613 (quoting *Lear Siegler*, 569 F.2d at 289).
[9] *CheckPoint Fluidic Sys. Int'l*, 888 F. Supp. 2d at 796-97 (quoting *Sheets v. Yamaha Motors Corp., U.S.A.*, 849 F.2d 179, 183 (5th Cir. 1988)).
52312

> > (II) acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret; or
> > (III) derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of the trade secret or limit the use of the trade secret; or
> > (iii) before a material change of the position of the person, knew or had reason to know that –
> > > (I) the trade secret was a trade secret; and
> > > (II) knowledge of the trade secret had been acquired by accident or mistake[.][10]

The term "improper means" is defined as including "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means; and does not include reverse engineering, independent derivation, or any other lawful means of acquisition."[11]

This matter is set for a Bench Trial to begin July 29, 2019. In light of the foregoing jurisprudence, the Court finds that the fuller record provided by a bench trial will enable the Court to make more accurate and correct findings of fact and conclusions of law in this matter on Plaintiffs' trade secret claim.[12] Further, the Court finds that there is stark disagreement between the Parties as to the facts of this case, and witness credibility is best be determined by the Court during live testimony at trial and after cross-examination.[13]

---

[10] 18 U.S.C. § 1839(5).
[11] 18 U.S.C. § 1839(6).
[12] *See e.g., Williams v. Houston Plants & Garden World, Inc.*, No. CIV. A. H-11-2545, 2014 WL 3665764, at *8 (S.D. Tex. July 22, 2014).
[13] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002)("The fact-finder is entitled to hear [the expert's] testimony and decide whether it should accept or reject the testimony after considering all factors that weigh on credibility, including whether the predicate facts on which [the expert] relied are accurate.").
52312

Accordingly, the Defendants' *Joint Motion for Partial Summary Judgment on 18 U.S.C. § 1832 Claim*[14] is hereby DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana the 9th day of July, 2019.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[14] Rec. Doc. No. 83.

52312