UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HUNTERS RUN GUN
CLUB, LLC, ET AL.                                          CIVIL ACTION

                                                           17-176-SDD-EWD
VERSUS

EDDIE D. BAKER

## RULING

This matter is before the Court on the *Joint Motion for Partial Summary Judgment on Negligence Claim Under Louisiana Law*[1] by Defendants Eddie D. Baker ("Baker"), Sugar-West, Inc. ("Sugar-West"), Bridgeview Gun Club, LLC ("Bridgeview"), and Keith Morris ("Morris" or "Morris Entities") (collectively, "Defendants"). Plaintiffs, Hunters Run Gun Club, LLC ("HRGC") and Great International Land Company, LLC ("GILC")(collectively "Plaintiffs") have filed *Oppositions*[2] to the motion.

Plaintiffs assert an alternative cause of action for general negligence pursuant to La. C.C. art. 2315. Specifically, the negligence allegations in the *Amended Complaint* read, in their entirety, as follows:

> 97. Hunters Run and Great International hereby incorporate, as if copied herein in extenso, all of the allegations made previously herein.

---

[1] Rec. Doc. No. 89.
[2] Rec. Doc. Nos. 167, 168, and 193.
52599

98. In the alternative, and only in the event that the claims set forth above are deemed insufficient, Hunters Run and Great International assert that due to the conduct of Mr. Baker and the Morris Entities described herein, Hunters Run and Great International suffered damages for which Mr. Baker and the Morris Entities are responsible under Louisiana law, including but not limited to Louisiana Civil Code art. 2315, et seq.

99. Mr. Baker's and the Morris Entities' negligence caused Hunters Run to suffer actual damage and loss including, but not limited to, loss of business opportunity, loss of business value, loss of revenue, loss of reputation, and lost profits, as well as attorneys' fees and costs incurred in connection with this litigation.[3]

Defendants move for partial summary judgment on Plaintiffs' negligence claim, arguing that they have failed to plead the elements of negligence, and they have failed to present summary judgment evidence demonstrating that either Baker or Morris owed a duty to Plaintiffs.

The Court finds the alternatively pled cause of action for negligence under Louisiana law fails to satisfy the pleading standard under Rule 12. Nowhere in Plaintiffs' *Amended Complaint* are allegations of the legal duty owed by any particular Defendant. Moreover, there is no factual support in Plaintiffs' *Amended Complaint* for a general negligence claim. The facts alleged throughout the *Amended Complaint* do not sound in negligence; rather, they clearly and specifically allege only intentional conduct. "The mere pleading of conclusory negligence cannot mask all of the factual allegations of intentional conduct set out in" Plaintiffs' *Amended Complaint*.[4]

---

[3] Rec. Doc. No. 43.
[4] *QBE Specialty Ins. v. Better Waste Disposal, LLC*, No. 11-757, 2011 WL 5238487 at *4 (W.D. La. Nov. 1, 2011).
52599

Accordingly, Defendants' *Joint Motion for Partial Summary Judgment on Negligence Claim Under Louisiana Law*[5] is GRANTED, and Plaintiffs' negligence claim under La. C.C. art. 2315 is dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana the 18th day of July, 2019.

*Shelly D. Dick*
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[5] Rec. Doc. No. 89.